IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY LAVOLD,

    Plaintiff,

v.

RAUL ALMAZAR,

    Defendant.

Case No. 04 C 4301

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Larry Lavold's (hereinafter, "Lavold") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the Petition is dismissed.

## I. BACKGROUND

Petitioner Lavold's history involving the state and federal court systems spans more than thirty years and is complex. After reviewing the record and the State's Answer, the Court has constructed a comprehensive picture of Lavold's procedural history, which includes multiple hearings and hundreds of filings by Petitioner in several state and federal courts.

In November 1975, Lavold was charged with first degree murder and arson in the Illinois Circuit Court of Cook County. He failed to appear in court and the case was stricken with leave to reinstate. The case was reinstated in 1981 and Lavold moved for a psychiatric examination to determine his mental fitness. The trial court held a fitness hearing and based upon the psychiatric report

filed with the court and stipulated testimony, the court found Lavold to be mentally unfit for trial and turned him over to the Illinois Department of Mental Health and Developmental Disabilities (the "DMH").

From 1981 to December 1990, Lavold continued to be mentally unfit for trial. During that period, he filed a federal habeas petition in the Southern District of Illinois, which resulted in Lavold being directed to file a state petition; filed a state habeas corpus petition, as a result of which a hearing was held and the petition subsequently denied; and was subject to several discharge hearings and continuances under 725 ILCS 5/104-23 (West 1992). In a 1984 discharge hearing before the circuit court, "Lavold was found not, not guilty and discharge was denied." *People v. Lavold*, 635 N.E.2d 919, 923 (Ill. App. Ct. 1994). The court "remanded [Lavold] back to the [DMH]" for a five-year period of treatment under 725 ILCS 5/104-225(d). *Id.*

In December 1990, the Illinois circuit court determined that Lavold remained unfit for trial, was in need of hospitalization, and was a serious threat to public safety. Pursuant to 725 ILCS 5/104-25(g)(2), the trial court committed him to a DMH facility for a period not to exceed 60 years, the maximum sentence for first degree murder under Illinois law. The court also retained jurisdiction to approve any conditional release or discharge of Lavold until December 2035.

Section 5/104-25(g)(2) of the Illinois Code authorizes the involuntary committal of a person who is a threat to public safety and is unfit to stand trial. A person may be committed for a period not longer than the maximum sentence that the person could have received if convicted. Also, every 90 days, the director of the facility holding the committed person must submit a status report to the Illinois Attorney General and to the court that ordered the committal. Further, after the first 180 days of commitment, and every 180 days thereafter, the court that ordered the committal must hold a hearing to evaluate the defendant's status and determine if he is fit for trial. The record before the Court indicates that the state has complied with these requirements.

## A. Direct Review and Habeas Petitions

Lavold filed at least five prior § 2254 petitions: four in the Southern District of Illinois and one before this Court. Two of the petitions filed in the Southern District of Illinois concerned the constitutionality of forcing Lavold to take anti psychotic drugs and the failure to provide necessary dental treatment. They were dismissed without prejudice. Another petition in the Southern District was dismissed without prejudice for failure to file the petition on the proper forms and for failure to exhaust. Lavold's 1989 petition in the Southern District mirrored several claims in the instant Petition. The

court denied that petition for failure to exhaust, but also held in the alternative that his claims were without merit. *Lavold v. Hedley*, No. 89 C 3458 (S.D. Ill. Mar. 15, 1990).

In 1992, Lavold first petitioned this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254. On May 21, 1992, the Court dismissed the petition because it appeared that Lavold failed to exhaust his state court remedies. The Court gave him 21 days to file an amended petition, which he attempted to do by letter dated June 1, 1992. Subsequently, on June 15, 1992, the Court entered a Minute Order informing Lavold that his letter was not in the proper form required for a § 2254 petition. The Court directed him to refile his petition in accordance with § 2254, FED. R. CRIM. P. 2(e), and to use the appendix of forms attached thereto. (FED. R. CRIM. P. 2 was amended in December 2004 and 2(e) deleted, but none of the changes affect the disposition of Lavold's 1992 or pending Petition.)

In 1994, the Court took up Lavold's case once again. Although it has been more than two years since Lavold's second amended petition, he still had not complied with the Court's June 15, 1992 Minute Order. Neither Lavold's original petition nor his amended petition from 1992 satisfied Rule 2's requirements (*e.g.*, neither named his custodian in Chester, Illinois as a respondent as required by Rule 2 and 28 U.S.C. § 2254, which deprives the court reviewing the petition of jurisdiction, *see Billiteri v. U.S. Bd.*

of Parole, 541 F.2d 938, 948 (2d. Cir. 1976)). *See Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 408 (7th Cir. 1985). Also, neither of Lavold's petitions demonstrated that he had properly exhausted all of his available state court remedies as required for review under § 2254. Although habeas corpus petitioners are generally *pro se* and under former Rule 2(e) were granted leave to refile to substantially fulfill § 2254's requirements, waiting two years on a second amended petition well-exceeded the liberality given to the rules governing habeas petitions. For all of these reasons, on November 18, 1994, the Court dismissed the outstanding deficient petitions with prejudice. *See Lavold v. Morrissey*, No. 91 C 7396 (N.D. Ill. Nov. 18, 1994).

Lavold also proceeded along a state track. He appealed the Illinois circuit court's 1990 commitment order to the Illinois Appellate Court. In May 1994, the appellate court affirmed Lavold's commitment, but ordered a reduction in his 60-year commitment. *See Lavold*, 635 N.E.2d at 930. The court found that his commitment hearing should have followed his five-year treatment period and, at that time, 40 years was the maximum sentence available. *Id.* Lavold then appealed to the Illinois Supreme Court, but the court denied his appeal on October 6, 1994. *See People v. Lavold*, 642 N.E.2d 1293 (Ill. 1994).

Lavold filed a state habeas petition in June 1996, which the Illinois circuit court denied. Subsequently, between his 1996 state habeas petition and September 2003, Lavold filed at least nine more petitions with the circuit court, all of which were denied. In June 2003, he filed a motion for leave to file a habeas petition in the Illinois Supreme Court on several grounds: that there was no warrant for his is arrest in 1981; no arraignment proceeding in 1981; no trial within 120 days; no fitness jury in 1981; no fitness hearing in 1981; no hearing within five years of being committed; no indictment; his commitment violated double jeopardy; and his custody of 20 years amounted to serving a 40-year sentence if given day-for-day credit. On January 27, 2004, the Illinois Supreme Court denied Lavold's motion to file the habeas petition. *See Lavold v. Warden of Chester Health Center*, No. 10992 (Ill. Jan. 27, 2004).

### B. The Instant Petition

On June 28, 2004, Lavold filed the pending Petition in this Court, which originally asserted eleven claims. Approximately two months later, on August 25, 2004, Lavold submitted an amended Petition with 26 claims, many of which duplicated those raised in the original Petition. Federal law permits habeas petitions to be amended "as provided in the rules of procedure applicable to civil actions." *Mayle v. Felix*, 125 S.Ct. 2562, 2566 (2005) (quoting 28 U.S.C. § 2242). Under Federal Rule of Civil Procedure 15(a), "a

party may amend the party's pleading once . . . at any time before a responsive pleading is served." See id. at 2574. Therefore, since respondent did not file his answer until September 20, 2004, Lavold properly amended his petition so that it now consists of the following 26 claims:

(1) no indictment;

(2) 1981 court proceeding subjected petitioner to double jeopardy;

(3) court records from May 8, 1984, May 17, 1984, and December 13, 1990 are counterfeit;

(4) no arraignment in 1981;

(5) served the equivalent of a 40-year sentence as of June 16, 2001, based upon day-for-day credit, and is entitled to release;

(6) kidnapped when transferred from Cook County Jail to Chester Mental Health Center;

(7) entitled to release, since doctor in 1989, 1990, and 1991 stated that petitioner was unlikely to be an imminent threat to himself or others;

(8) denied right to a speedy jury trial, and petitioner never waived this right;

(9) trial court lost jurisdiction five years after August 11, 1981 fitness hearing, entitling petitioner to release in August 1986;

(10) denied Sixth Amendment right to examine witnesses in 1981 court proceeding;

(11) denied Sixth Amendment right to confront the witnesses against him in May 1984 proceedings;

(12) court in December 12, 1990 proceedings did not have jurisdiction;

(13) no confrontation in the 50 habeas corpus filings petitioner has filed in violation of the Sixth Amendment right to be confronted with witnesses against him;

(14) suffered cruel and unusual punishment, alleging he was poisoned in 1982 and that he suffered frostbite in 1984;

(15) claims use of ex-post facto laws and that the 1994 court should have sentenced him to a maximum of 14 years rather than 40;

(16) use of hearsay evidence from Rolling Meadows Police in 1984 discharge hearing;

(17) arson charge in 1984 proceeding was counterfeit because the charge was thrown out in 1975 proceeding;

(18) entitled to counsel under the Sixth Amendment for the full 23 years since 1981, but has had no counsel since 1992;

(19) the state's actions against him constitute a bill of attainder;

(20) failure to provide yearly hearings on his fitness;

(21) the 1994 appeal occurred against his wishes, was corrupt, and prosecuted the petitioner;

(22) denied an examination by an outside psychiatrist in 1997;

(23) denied right to a jury to determine fitness, and no fitness hearing was held;

(24) there have been no commitment hearings;

(25) examined by six illegitimate psychiatrists; and

(26) denied due process of law.

Following his August 25 amendment, Lavold has continued to send this Court numerous letters, amendments, and supporting

materials. These include claims that Lavold's 40-year sentence was the equivalent of a sentence of natural life and the submission of court records that had been stamped "Court Records is Treason" or "This is a Counterfeit Forged Document." Because of the multiplicity of filings by Lavold, the Court barred any further amendments to his § 2254 Petition on January 13, 2005. Also, any amendments preceding the Court's January 13, 2005 Order are barred because Lavold had already amended his Petition once prior to the state's Answer. Accordingly, only the above-mentioned 26 claims are a part of the § 2254 Petition.

## II. **DISCUSSION**

Section 2254 is the proper remedy for Lavold to challenge his commitment because he is in state custody confined in a state mental institution as a result of a judicial order. "[A] conviction or criminal sentence is not a prerequisite to § 2254 relief. Rather, a petitioner must be 'in custody [such as a mental institution] pursuant to the judgment [or order] of a State court.'" *Flowers v. Leean*, No. 99-2999, 2000 WL 554518, at *1 (7th Cir. May 3, 2000)(quoting § 2254(a)).

The State's Answer contemplates an exhaustive list of why Lavold's Petition must be denied. The State asserts that all of Lavold's claims are time barred, procedurally defaulted, successive, or fail after a review on the merits. The Court agrees.

## A. Time-Barred Claims

Lavold's petition is time barred by § 2254(d)'s one-year statute of limitations. The limitations period begins to run on the date the judgment becomes final, which occurs when the time to seek direct review expires or when the court concludes its direct review. 28 U.S.C. § 2244(d)(1)(A). In this case, most of Lavold's claims involve the 1981 reinstatement of his case, his 1984 discharge hearing, and his 1990 involuntary commitment. The record indicates that these decisions became final in January 1995 at the latest, following the expiration of the 90-day window to seek certiorari from the U.S. Supreme Court after the Illinois Supreme Court's denial of petitioner's Petition for Leave to Appeal (the "PLA") on October 6, 1994, *People v. Lavold*, 642 N.E.2d 1293 (Ill. 1994). *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002).

Lavold's commitment became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act (the "AEDPA") in April 1996. As a result, he had a one-year grace period post-enactment, until April 24, 1997, to file a federal habeas petition challenging his commitment. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Section 2244(d)(2) allows the limitations period to be tolled while a properly filed application for state post-conviction relief is pending.

Even assuming that all of Lavold's state habeas petitions were properly filed and liberally counting the days between each petition, well-over one year passed between April 24, 1997 and Lavold's filing of the instant § 2254 Petition in June 2004. Based upon the Illinois trial court's docket sheet and the documents included in the state's Answer, Lavold filed three state habeas petitions in 1996 after the Illinois Supreme Court denied his PLA on October 6, 1994. All three petitions were denied, and were pending in 1996 from 6/5 - 6/12, 10/15 - 10/21, and 11/27 - 12/18. Lavold did not file his next state habeas petition for nearly three years, until November 1, 1999. Additionally, he did *not* have any state habeas petitions pending for significant periods of time: more than eight months between 11/5/99 and 7/14/00; four and a half months between 8/3/00 and 12/19/00; more than eight and a half months from 1/12/01 to 10/2/01; nearly six months between 10/19/01 and 4/17/02; and seven and a half months between 7/26/02 and 3/12/03. In total, *more than five and a half years passed* between April 1996 and March 2003 when Lavold did not have any petitions (most improperly filed) pending in state court -- well-exceeding the one-year statute of limitations for filing a § 2254 petition.

Claims 1-4, 6-12, 14-17, 19, 21, and 25 arose prior to the enactment of the AEDPA and are time barred because they could have been raised in a timely § 2254 petition. In addition, Lavold's 2001 claim that he should be released for day-for-day credit

(Claim 5) and his 1997 claim that he was denied an examination by an outside psychiatrist (Claim 22) are time barred. According to Lavold, the day-for-day credit claim became available on June 16, 2001, and approximately 16 months passed from June 2001 to March 2003 during which no state petition was pending. Even more time passed with respect to Lavold's 1997 claim. Moreover, nothing in the record indicates that Lavold was prevented from filing his numerous petitions in a timely manner. *See Pace v. DeGugliolmo*, 125 S.Ct. 1807, 1814 (2005)(holding that a litigant seeking equitable tolling bears burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *see also* 28 U.S.C. § 2244(d)(1)(B). The only claims that *arguably* are not time barred are the more recent violations alleged in Claims 13 (no confrontation in more than 50 habeas corpus filings), 18 (entitled to counsel), 20 (failure to provide yearly hearings on fitness), 23 (no fitness hearings), 24 (no commitment hearings), and 26 (due process violations) if the particular violations alleged in each claim are treated as distinct occurrences rather than as continuing violations. However, all Lavold's claims are barred on other procedural grounds.

### B. Procedural Default

A federal court may not review the merits of a claim contained in a habeas corpus petition unless the petitioner can show that he

has exhausted his state remedies and avoided procedural default. 28 U.S.C. § 2254(b)(1)(A); *see Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). A petitioner exhausts his state remedies and avoids procedural default by presenting his claims fully and fairly to the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Lavold procedurally defaulted on the majority of his claims because he failed to "invok[e] one complete round of the State's established appellate review process" (either direct or post-conviction review) before raising the claims in this Court. *Id.* at 845.

Over the course of Lavold's 30-year history with the courts, the only direct appeal he ever made was in connection with his 1990 commitment order. In that case, Lavold filed an appeal with the Illinois appellate court, and subsequently filed a PLA with the Illinois Supreme Court, where he claimed: (1) the appellate court erred in determining that Illinois law requiring an involuntary commitment hearing five years after commitment did not have to be strictly construed; and (2) he was incapable of validly waiving his Miranda rights, and was denied effective assistance of counsel because his court-appointed attorney failed to suppress statements critically detrimental to his case. (Supp. Answer, Exh. C). Those claims, however, are barred on other grounds.

Lavold also filed multiple state habeas petitions with the Illinois circuit court between 1996 and 2003. However, he never

appealed any of the circuit court denials. The Illinois Supreme Court denied Lavold's 2003 motion for leave to file a petition for writ of habeas corpus because it was improper. Consequently, the claims included in his habeas petitions are now procedurally defaulted. *See Boerckel,* 526 U.S. at 842

### C. Successive Claims

Federal habeas corpus law requires a district court to dismiss "a claim presented in a second or successive habeas corpus application under § 2254 that was presented [or could have been presented]. . . ." 28 U.S.C. § 2244(b)(1). As such, district courts do not have jurisdiction over any successive claims in a habeas petition. Only the Seventh Circuit can authorize a petitioner to present claims in a second or successive § 2254 habeas petition. § 2244(2) & (3)(a); *see also Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). A previous § 2254 petition need not be decided on the merits in order for subsequent § 2254 petitions to be successive. *See Benton v. Washington,* 106 F.3d 162, 164 (7th Cir. 1996). However, if a court denied a previous § 2254 petition for certain procedural deficiencies, such as failure to exhaust state remedies or pay the filing fee, subsequent § 2254 petitions are not successive. *Id.* at 163-64.

In 1990, the Southern District of Illinois dismissed Lavold's 1989 habeas petition for procedural default, and alternatively found that his claims were meritless. *Lavold,* No. 89 C 3458.

Therefore, any claims in Lavold's instant Petition that were dismissed in his 1989 filing or could have been brought at that time are barred as successive. § 2244(b)(1)-(3); *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002)(holding a state court's dismissal on procedural grounds and, alternatively, on the merits is considered both a procedural and merits determination).

Lavold's 1989 habeas petition included four allegations, all of which the court dismissed for procedural default and on the merits: (1) he was refused the assistance of counsel of his own choosing; (2) he was refused the right to a jury trial; (3) he was not confronted with the witness against him (and he was refused the right to cross-examine the witness); and (4) that using a discharge hearing in place of a jury trial is a bill of attainder and that such a proceeding denied him his right to a speedy trial. The court stated that Lavold was not constitutionally entitled to counsel of his choice, he was committed by a discharge hearing and had no right to a jury trial under Illinois law, his cross-examination claims were too vague, he was not in custody pursuant to a bill of attainder, and not denied a speedy trial.

Lavold cannot now raise Claims 1-2, 4, 6, 8-11, 14-17, and 19 in a subsequent § 2254 petition. As a result, Claims 8 (that petitioner was denied a speedy trial), 11 (petitioner not confronted or allowed to cross-examine a witness), and 19 (petitioner subjected to bill of attainder) in the instant Petition

are all barred as successive. Further, Lavold could have raised Claims 1 (no indictment), 2 (1981 reinstatement constituted double jeopardy), 4 (no arraignment), 6 (kidnapping), 9 (loss of jurisdiction), 10 (suppressing of witness statements), 14 (cruel and unusual punishment), 15 (ex-post facto), 16 (inadmissible evidence), and 17 (arson charge thrown out) in 1990. In addition, several of Lavold's claims appear involve distinct events that occurred both before and after 1989. These include Claims 3 (court records and transcripts are counterfeit), 13 (never confronted with witnesses in habeas proceedings), 18 (denied assistance of counsel), 20 (failure to prove yearly fitness hearings), 23 (no jury on fitness and no fitness hearings), 24 (no commitment hearings or jury on commitments), 25 (not evaluated by qualified doctors), and 26 (due process violations). All allegations that occurred prior to Lavold's 1989 federal habeas petition are successive. The remaining claim portions concerning allegations following Lavold's 1989 federal habeas petition are not successive, but nonetheless are barred by another procedural default, are not cognizable habeas claims, or are unsupported by the record.

### D. Merits

It is unnecessary for this Court to address the merits of Lavold's habeas petition because all his claims are time barred, procedurally defaulted, or successive. Nonetheless, the Court notes that most of Lavold's claims are not cognizable under habeas

proceedings. For instance, two claims assert that a Sixth Amendment violation occurred in his prior habeas proceedings. However, these claims are not cognizable because the Sixth Amendment only applies to criminal prosecutions, and habeas proceedings are civil in nature. *Barkauskas v. Lane*, 946 F.2d 1292, 1294 (7th Cir. 1991).

Furthermore, many of Lavold's claims find no support in the record. For example, Lavold's claim that he has never had a commitment hearing contradicts the government's record showing that these hearings occurred every 180 days as required by Illinois law. Lavold's cursory and speculative allegations are insufficient to establish federal habeas relief.

### III. **CONCLUSION**

For the reasons stated herein, all of Lavold's claims are either time barred, procedurally defaulted, or successive. Furthermore, most, if not all, of the claims do not warrant federal habeas relief because they are unsupported by the record and are non-cognizable. For these reasons, this Court **dismisses** Lavold's pending § 2254 Petition.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: November 16, 2005

- 17 -